## WHITE *v.* THE RANIER.

*(District Court, D. Washington, N. D.* March 30, 1891.)

LIBEL FOR WAGES—COUNTER-CLAIM.

In a proceeding *in rem* for wages for services as engineer of a steam-tug, where it appears that the wages were earned, a defense in the nature of a counter-claim, based on evidence that libelant and another undertook to make certain repairs upon the boat while laid up, and had been overpaid certain sums beyond the work and materials done and furnished, cannot be sustained if not specially pleaded, and because it does not constitute a cause of action against the libelant singly.

In Admiralty. Libel for wages.

*Edgar Lemmon,* for libelant.

*W. Lair Hill* and *M. Gilliam,* for claimant.

HANFORD, J. This is a suit to recover wages for services as engineer in chief on the steam-tug Ranier. The owners of the vessel in their answer, besides denying that there is any balance due the libelant, plead payment in full of the wages earned by him, and also plead a set-off for moneys advanced and loaned to the libelant at different times prior to the commencement of this suit. The evidence shows beyond all question that the libelant earned the wages which he claims, and in the testimony of Capt. Scoland, the principal witness in behalf of the claimants, he squarely admits that the sums which he has charged against the libelant were neither payments on account of his wages, nor advances made to him as loans, and there is no testimony whatever to sustain the affirmative defenses pleaded in the answer. The only defense based upon testimony is that, while the libelant was employed as engineer, the boat was laid up for repairs, and that the libelant and another man entered into a contract to do part of the work and furnish materials necessary in repairing and equipping the boat for a specified price; that the owners actually paid for the work and materials done and furnished by the libelant and his co-contractor sums aggregating several hundred dollars in excess of the contract price; and it is contended that the money so paid in excess of the contract price should, upon principles of equity, be applied as payment to the plaintiff of the wages for which he has sued. I consider, however, that it would be unfair and entirely irregular for claimants to prevail in this contention. Upon familiar rules of pleading and practice, to entitle them to recover in any form of action, the contract referred to should have been specially pleaded. It is obvious that there are special defenses available to the libelant in any proceeding against him alone. If an independent suit were being made against him, based upon the facts alleged in this defense, as the contract is not his contract, but a joint contract of himself and another, and as the testimony shows that both the contracting parties participated in the performance of the contract, and each received payments of money from the claimants on account of said contract, a demurrer for non-joinder of the other contracting party or a plea in abatement could be successfully interposed; and,

if an independent action against the libelant alone would not be maintainable upon the facts stated, neither can this special defense, which is in reality a cross-demand, and the same as another action, be maintained in this case. For these two reasons, therefore, viz., that the contract was not pleaded, and that the facts stated do not constitute a cause of action against the libelant singly, I decline to consider the defense made upon the testimony; and, the libelant having established his demand, a decree will be rendered in his favor for the sum sued for,—$205,—and costs.